**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT CLEARY,

    Plaintiff,

v.

UNITED STATES DEPARTMENT
OF AGRICULTURE and FARM
SERVICE AGENCY,

    Defendant.
_____/

Case No. 07-11940

HONORABLE DENISE PAGE HOOD

## ORDER ACCEPTING REPORT AND RECOMMENDATION

**I. INTRODUCTION**

This matter is before the Court[1] on Magistrate Judge R. Steven Whalen's Report and Recommendation filed July 28, 2008. An objection to the Magistrate Judge's Report and Recommendation was filed by the Defendant, a response to the Defendant's objection was filed by the Plaintiff, and a reply to the Plaintiff's response was filed by the Defendant.

**II. STANDARD OF REVIEW**

"A final determination of the National Appeals Division shall be reviewable and enforceable by any United States district court of competent jurisdiction." 7 U.S.C. § 6999. "Judicial review of the USDA's final determination ... is governed by the Administrative Procedures Act." *McElmurray v. U.S. Dept. of Agriculture*, 535 F. Supp. 2d 1318, 1324 (S.D. Ga. 2008). "An

---

[1] This action was originally assigned to the Honorable David M. Lawson, then reassigned to the Honorable Paul V. Gadola, then to the Honorable Stephen J. Murphy, III, and then to the undersigned on September 12, 2008.

agency's decision, including its actions, findings, and conclusions, should not be overturned unless the decision is arbitrary, capricious, and an abuse of its discretion, or otherwise not in accordance with law or unless it is unsupported by substantial evidence." *Id*. "The reviewing court should not attempt itself to make up for such deficiencies " and "may not supply a reasoned basis for the agency's actions that the agency itself has not given." *Motor Vehicles Mfrs. Assoc. v. State Farm Mutual Auto Ins. Co.*, 463 U.S. 29 (1983). "We will, however, uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Id*. "Substantial evidence review gives the agency the benefit of the doubt, since it requires not the degree of evidence which satisfies the court that the requisite fact exist, but merely the degree which could satisfy a reasonable fact finder." *Wilson Air Center, LLC v. F.A.A.*, 372 F.3d 807 (6th Cir. 2004). However, "the substantial evidence standard does not excuse the agency from its duty to engage in reasoned decision-making." *Haebe v. Dept. of Justice*, 288 F.3d 1288 (Fed. Cir. 2002). "An administrative decision must be affirmed if supported by substantial evidence, even if the Court might arrive at a different conclusion." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1140 (8th Cir. 1984)).

## III. ANALYSIS

This court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. The Court agrees with the Magistrate Judge that the Director's failure to consider the Plaintiff's July 12, 2003 response before issuing his Review determination on July 21, 2003 constitutes a "clear procedural error" and a substantive one as well. As noted by the Magistrate Judge, the injustice suffered by the Plaintiff by the Director's failure to review Plaintiff's Response was not cured by the Deputy Director's review of the

2

document. In coming to this conclusion that the Deputy Director's review could not and did not in fact "cure" the procedural error, the Court is in agreement with the Magistrates Judge's interpretation of the first paragraph of the "reconsideration" letter which states:

> The Reconsideration provision at 7 C.F.R. §11.11 reflects NAD's inherent authority to review Director review determination to correct errors. These are errors such as citation to the wrong dates, wrong amounts, wrong regulations, or wrong statutes, *not changes of interpretations or opinions.*

The Director's decision to reverse absent *any* review of Plaintiff's timely filed arguments against reversal was arbitrary and capricious. This Court agrees with the Magistrate Judge that the Director's Review unreasonably discounted the Hearing Officer's credibility determination. The Hearing Officer did not fail to apply the appropriate measure of weight to the Plaintiff's testimony and the evidence that were submitted by both parties in support of his decision. The Hearing Officer found that based on *all* the evidence before him the testimony of the Plaintiff and his employee was substantially corroborated by the extrinsic facts proffered by *both* parties.

**IV. CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that the Report and Recommendation of Magistrate R. Steven Whalen **(Doc. No. 14, filed July 28, 2008)** is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **(Doc. No. 11, filed October 10, 2007)** is DENIED, Defendant's objections are overruled and Plaintiff's Motion for Summary Judgment **(Doc. No. 10, filed Oct. 10, 2007)** is GRANTED. The July 21, 2003 Review by the National Appeals Division Director and September 25, 2003 Reconsideration

by the Deputy Director are REVERSED and SET ASIDE and the Appeal Determination by the hearing officer on June 5, 2003 is REINSTATED.

                                                               S/Denise Page Hood
                                                                Denise Page Hood
                                                               United States District Judge

Dated: September 30, 2008

      I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2008, by electronic and/or ordinary mail.

                                                                 S/William F. Lewis
                                                                Case Manager